UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LYONS-BEY,

               Plaintiff,               CIVIL ACTION NO. 12-15219

        v.                           DISTRICT JUDGE JOHN CORBETT O'MEARA

ANTHONY WICKERSHAM, et al.,      MAGISTRATE JUDGE MARK A. RANDON

               Defendants.

                             /

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS
UNDER 28 U.S.C. § 1915(g) (DKT. NO. 82)**

## I.     INTRODUCTION

Before filing this 42 U.S.C. § 1983 civil rights suit, David Lyons-Bey, a Macomb County

Jail inmate, filed at least three other prisoner cases that were dismissed as frivolous or for failure

to state a claim.  Lyons-Bey was granted *in forma pauperis* ("IFP") status in this case (Dkt. No.

4); Defendants Correct Care Solutions, Dr. Rozel Elazegui, and Dr. Marcella Clark now move to

revoke his IFP status under 28 U.S.C. § 1915(g) (Dkt. No. 82).[1]  Because Lyons-Bey has

accumulated "three strikes" and failed to allege an imminent danger of a serious physical injury,

this Magistrate Judge **RECOMMENDS** that Lyons-Bey's IFP status be revoked and his

Complaint be **DISMISSED WITHOUT PREJUDICE**.

---

[1]Defendants Chris Hightower and Laura Pettergill have not answered Lyons-Bey's
Complaint, but this report and recommendation should also apply to them.  And, while this
Magistrate Judge previously recommended that Lyons-Bey's claims against Linda Osboune and
Anthony Wickersham be dismissed without prejudice, this report and recommendation should
apply to them as well  (Dkt. Nos. 35, 48).

II.     **ANALYSIS**

    *A.     Defendants' Motion is Unopposed*

Defendants' motion is unopposed: On August 1, 2013, the Court ordered Lyons-Bey to respond to the motion by August 26, 2013 (Dkt. No. 84).  The Court also sent Lyons-Bey a copy of the docket sheet on August 12, 2013 and reminded him that his response was due on August 26, 2013 (Dkt. No. 96 at n.1).  Despite the fact that he has filed a letter, a response, and five motions since August 1, 2013, Lyons-Bey did not respond to Defendants' motion to revoke his IFP status.  Notwithstanding Lyons-Bey's lack of opposition, Defendants' motion is well taken.

    *B.     Three Strikes Rule*

28 U.S.C. § 1915(g) prohibits prisoners who have "three strikes" from filing lawsuits without prepayment of the filing fee:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action . . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002):

> a litigant [who has had three prior dismissals] cannot use the periodic payment benefits of § 1915(b).  Instead, he must make full payment of the filing fee before his action may proceed.  As a result, § 1915(g) "forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions" if they have had three prior dismissals as described in that statute.

"[C]ourts 'have long been authorized to revoke a prisoner's ability to proceed *in forma pauperis* upon determining that the litigant was taking unfair advantage of IFP procedures.'" *Armstrong v. Brunsman*, No. 1:12-cv-132, 2012 WL 4107875, at *2 (S.D. Ohio Sept. 18, 2012) (citing *Wilson*

2

*v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).

"Lyons[-Bey] has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Lyons v. Fox*, No. 2:13-CV-10503, 2013 U.S. Dist. LEXIS 41636, at *2 (E.D. Mich. March 25, 2013) (citing *Lyons v. Wickersham, et al.*, No. 2:12-cv-14353 (E.D. Mich. Dec. 18, 2012); *Lyons-Bey v. Bouchard, et al.*, No. 2:04-cv-210 (W.D. Mich. Oct. 5, 2004); *Lyons-Bey v. Palmer, et al.*, No. 2:02-cv-185 (W.D. Mich. Dec. 10, 2002)).[2]  As such, he must be under an imminent danger of serious physical injury to proceed without prepayment of the filing fee.

To satisfy the "imminent danger" exception, Lyons-Bey must show the danger is "real and proximate," *Richards v. Spain*, No. 12-10101, 2012 WL 163809, at *2 (E.D. Mich. Jan. 19, 2012) (citation omitted), and "allege[] facts [in his Complaint] showing that a danger of serious physical injury exists at the time the complaint is filed." *Percival v. Gerth*, 443 Fed. Appx. 944, 946 (6th Cir. 2011).  Lyons-Bey's Complaint and Supplemental Complaint contain allegations that he has back pain, headaches, neck pain, a cyst or boil on his side, acid reflux disease, a wart on his foot, and a rash on his chest and back.  He also alleges that his conditions cause scarring; irritation; burning; stinging; and mental, physical, and emotional distress.  There are no allegations that Lyons-Bey was under an imminent danger of a serious physical injury at the time he filed his Complaint.

## III.    CONCLUSION

---

[2]This Magistrate Judge has verified that Lyons-Bey was the plaintiff in these cases, using his inmate number (329522) listed on the Complaint.

This Magistrate Judge **RECOMMENDS** that Lyons-Bey's Complaint be **DISMISSED WITHOUT PREJUDICE**.  He may re-file his Complaint if he provides the full filing fee.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon_____
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2013

***Certificate of Service***

4

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 29, 2013, electronically and/or by first class mail.*

*s/Eddrey Butts*
*Case Manager to Magistrate Judge Mark A. Randon*